# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALPHONSO SAVAGE, ) | |
|     Petitioner, ) | |
| ) | 12 C 1802 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| BRADLEY ROBERT, ) | |
|     Respondent. ) | |

## OPINION AND ORDER

Pro se petitioner Alfonso Savage (prisoner number R14393), who is currently incarcerated in the Centralia Correctional Center, is serving a 20-year sentence for felony murder. He has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition is denied.

## BACKGROUND

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Savage neither contests them nor points to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd* v. *Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The court thus adopts the state court's recitation of the facts, and begins by summarizing this case's protracted procedural posture and facts relevant to the petition.

### A. State Direct Proceedings

#### 1. Savage's Trial

During a jury trial in the Circuit Court of Cook County, the state contended that on November 8, 1999, Quincy Birts and his girlfriend, Diane Gordon, returned to their apartment on Chicago's South Side. A white Jeep Cherokee was parked in their parking space. As they

approached the apartment, a masked man accosted Birts, and another masked man with a gun forced Gordon into the Jeep. The assailant robbed Gordon and allowed her to leave the Jeep approximately eight blocks from the apartment. Gordon called her landlord, who had witnessed the initial attack, and the landlord called the police. Gordon also flagged down police officers on the street, who drove her back to her apartment building.

As the sound of gunshots rang out from the second floor, additional plainclothes officers arrived on the scene and approached the apartment's door. The officers announced themselves and Birts opened the door holding a gun. An officer fatally shot Birts after he failed to heed the officers' command to drop his gun and, instead, moved towards the officers with his gun raised.

Another officer heard noises coming from the apartment's back porch. Police found Savage leaning against a rail near the bottom of the back stairs with his hands in the pockets of his black leather jacket. After repeatedly commanding Savage to show his hands, Savage withdrew his hands from his pockets and credit cards and a license fell to the ground. Savage told the officers that he had been shot so the officers helped him remove his jacket and discovered jewelry inside. The officers took Savage to the hospital and upon arrival, searched Savage's clothing. They found a Mitsubishi car key, a watch, a gold chain and cross, and $51; Gordon later identified these items as belonging to her and Birts.

Savage testified in his own defense. According to Savage, on the date of the incident, he was walking to the liquor store with two women when he was attacked and forced up the stairs of a two-flat into an apartment. A man robbed and beat him, hit him with a gun, and shot him as he fled from the apartment. As Savage tried to exit the building via the back stairs, he

encountered police officers who directed him to an ambulance. Savage suffered a bullet graze wound, two gunshot wounds, and numerous wounds on his head requiring staples and stitches.

The parties agreed that the pattern instructions did not adequately address the felony murder charge. After considering counsel's submissions, the trial court gave the following instruction for felony murder: "A person commits the offense of first degree murder when he commits the offense of robbery and during the commission of the offense of robbery he sets in motion a chain of events which cause [*sic*] the death of an individual." *People* v. *Savage*, No. 1-02-2596, at 11 (Ill. App. Ct. May 14, 2004) (unpublished order). The jury found Savage guilty of the felony of robbing Birts and thus found him guilty of felony murder based on Birts's death. In connection with Gordon's abduction immediately before Birts's death, the jury acquitted Savage of armed robbery based on an accountability theory. The trial court sentenced Savage to a 20-year term of imprisonment.

## 2. Savage's Direct Appeal

Savage raised the following issues on appeal: (1) the State failed to prove him guilty beyond a reasonable doubt because Birts's death was not a reasonably foreseeable consequence of the robbery and Birts's act of threatening the officers with his gun was an intervening cause; (2) the trial court erred in giving a non-Illinois Pattern Jury Instruction on felony murder; (3) the trial court erred when it prohibited him from presenting prior consistent statements he made to the police on the night of the murder; and (4) portions of the State's closing argument denied him a fair trial. On May 14, 2004, the Illinois Appellate Court affirmed. Savage filed a petition for rehearing on June 4, 2004, which was denied on June 23, 2004.

Savage filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court arguing that his conviction and the non-IPI jury instructions given at trial both incorrectly relied on "but for" causation (*i.e.*, did Savage "set[] in motion a chain of events" leading to Birts's death). *People* v. *Savage*, No. 1-02-2596, at 11. According to Savage, the lower courts should have also considered whether Birts's death met the foreseeability requirements for proximate cause. *See* PLA, *People* v. *Savage*, No. 98797 (Ill.) (Dkt. 15-4, Ex. J).[1] On October 6, 2004, the Illinois Supreme Court denied the PLA. On April 19, 2005, Savage filed a motion to reconsider the denial of his PLA. On May 12, 2005, the Illinois Supreme Court granted the motion, vacated the denial of the PLA, and took the PLA back under advisement. Without further briefing, the court denied the PLA on September 27, 2006.

B. **Savage's State Post-Conviction Proceedings**

Meanwhile, on April 5, 2005, Savage filed a *pro se* post-conviction petition pursuant to 725 ILL. COMP. STAT. § 5/122-1, *et seq*. In his petition, Savage argued:

1. Trial counsel was ineffective for failing to inform him of his right to request a lesser included offense jury instruction about the predicate offense of robbery;

2. Trial counsel was ineffective for failing to present an "overt withdrawal" and "termination of the felony" defense because after fighting with Birts, he "verbally and physically acknowledged defeat discontinuing any form of struggle or act of aggression" and left Birts "restored to his sense of safety" and willing to open the door to his apartment when the plainclothes officers arrived;

---

[1] In his answer, the respondent contends that Savage raised a single issue in his PLA: "the non-IPI jury instructions given at trial stated the incorrect standard for felony murder under Illinois law, as set forth in *People* v. *Lowery*, 687 N.E.2d 973 (Ill. 1997)." Answer at 5. The court believes that this reading of the PLA is too circumscribed. It is true that in his PLA, Savage challenged the jury instructions. However, he did so as part of a broader challenge to the trial court's use of "but for" causation. PLA, *People* v. *Savage*, Dkt. 15-4, Ex. J at 12 ("Because the lower courts are exhibiting confusion over whether felony murder requires more than simple 'but for' causation, and because the facts of this case do not meet the foreseeability requirements of proximate cause, this Court should grant leave to appeal in order to clarify the essential elements of this serious offense.").

3. The prosecution's failure to disclose that State witness Diane Gordon had criminal charges pending against her at the time of her testimony, its decision to delay filing an arrest warrant against Gordon until after she testified, and its failure to disclose that Gordon had a prior conviction for credit card fraud violated his Fourteenth Amendment due process rights;

4. The prosecution failed to disclose its agreement to seek leniency in sentencing for Gordon's pending criminal cases in return for her testimony at his trial; and

5. His due process rights were violated when the prosecution impeached him "by omission" as part of its rebuttal case by calling a police officer to testify about notes summarizing another officer's interview of him but refusing to admit the notes into evidence.[2]

The trial court summarily dismissed the petition. Savage appealed, arguing: (1) the trial court failed to consider his claims adequately because its order discussed facts and witnesses from another case; (2) he was entitled to a second-stage proceeding because the trial court did not examine his petition within 90 days after filing, in violation of Illinois law; and (3) the trial court's treatment of his petition demonstrated that it should be remanded for proceedings before a different judge. *People* v. *Savage*, No. 1-05-4055 (Ill. App. Ct.) (Dkt. 15-4, Ex. P) (Savage's opening appellate brief).[3] The Illinois Appellate Court remanded for second stage post-conviction proceedings. *People* v. *Savage*, No. 1-05-4055 (Ill. App. Ct. May 11, 2007) (unpublished order).

On remand, the court appointed counsel, who filed a supplemental post-conviction petition incorporating all of the claims from Savage's original *pro se* petition and elaborating

---

[2] In various parts of the record, Savage argues that the State called a single officer or two officers to testify about the notes. As it does not affect the outcome, the court will refer to a single officer for the sake of consistency.

[3] The court notes that although the respondent correctly cited to Savage's appellate brief, his summary of Savage's arguments on appeal does not track the arguments listed in the appellate brief. *See* Answer at 6 (Dkt. 14).

upon Savage's claim that the State withheld evidence about Diane Gordon that would have been favorable to the defense. Savage also filed a supplemental *pro se* petition repeating his original claims and adding two new claims of ineffective assistance. Specifically, Savage argued his trial counsel was ineffective for (1) failing to cross-examine witnesses about music playing in the apartment immediately prior to Birts's death; and (2) failing to file pre-trial motions to suppress evidence and quash his arrest since no physical evidence linked him to the gun found in the apartment and he was attempting to flee from the apartment after being robbed and beaten.

The circuit court again dismissed the petition. Savage appealed, arguing that trial counsel was ineffective for (1) failing to request a jury instruction for the lesser-included offense of robbery; and (2) failing to file a pretrial motion to suppress evidence and quash his arrest. On December 2, 2010, the Illinois Appellate Court affirmed. *People* v. *Savage*, No. 1-09-2821 (Ill. App. Ct. Dec. 2, 2010) (unpublished order). Savage filed a PLA challenging the Illinois Appellate Court's rejection of his ineffective assistance claim based on trial counsel's failure to request a lesser included offense jury instruction based on its holding that his post-conviction petition was procedurally deficient because it relied exclusively on his own affidavit. The Illinois Supreme Court denied the PLA on March 30, 2011.

## C. Savage's § 2254 Petition

On March 12, 2012, the court received Savage's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Savage argues:[4]

A. The trial court erred in issuing non-IPI jury instructions regarding felony murder, thereby

1. impermissibly broadening the scope of the felony murder doctrine (Claim A1);

2. eliminating the elements of proximate cause and intervening cause from the jury instructions (Claim A2);

B. Trial counsel was constitutionally ineffective for failing to

1. inform him of his right to a lesser included offense instruction (Claim B1);

2. present an overt withdrawal and termination of the felony defense (Claim B2);

3. file pretrial motions to suppress evidence and/or quash arrest (Claim B3);

C. His right to a fair trial was violated when the prosecutor

1. confused the jury by choosing to pursue an armed robbery charge related to Diane Gordon instead of prosecuting him for the robbery charge underlying the felony murder charge for Quincy Birts's death (Claim C1);

2. failed to disclose that Gordon had multiple prior criminal convictions for credit card fraud, had violated conditions of probation in a prior case, was a defendant in multiple pending criminal cases, and was subject to an arrest warrant on the day of her testimony (Claim C2);

3. failed to disclose that Gordon was allegedly granted leniency in exchange for her testimony (Claim C3); and

---

[4] To promote clarity, the court has used the respondent's numbering system for Savage's claims. The court notes that this numbering system does not track the organization used by Savage in his § 2254 petition. *See* Savage's § 2254 Petition (Dkt. 1 at PageID# 7-10).

D. The trial court allowed him to be "impeached by omission" by allowing the State to call a police officer to testify about notes summarizing another officer's interview of him but refusing to admit the notes into evidence (Claim D).

**ANALYSIS**

Multiple procedural doctrines limit a federal court's power to reach the merits of claims raised in habeas petitions filed pursuant to 28 U.S.C. § 2254. For the following reasons, Savage is not entitled to habeas relief as: (1) Claims B2, B3, C1, C2, C3, and D are barred by the doctrine of procedural default; (2) Claims A1 and A2 are barred by the doctrine of full and fair presentment; (3) Claim B1 is barred by the independent and adequate state ground doctrine; and (4) none of the exceptions to procedural default is applicable.

**A.    Procedural Default — Claims B2, B3, C1, C2, C3, and D**

A petitioner must present his claims to all levels of the Illinois courts to avoid procedural default. *See O'Sullivan* v. *Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Thus, the court must determine if Savage presented the claims in his federal habeas petition to the state trial court, the Illinois Appellate Court, and the Illinois Supreme Court. *See Castille* v. *Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed. 2d 380 (1989) (failure to present claim to state intermediate court means it is procedurally barred); *O'Sullivan*, 526 U.S. at 844 (failure to present claim to state's highest court means it is procedurally barred); *see also Lewis* v. *Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (a petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

As illustrated by the following chart, Claims B2, B3, C1, C2, C3, and D are procedurally defaulted based on Savage's failure to present these claims through one complete round of state court review:

| Claim # | Claim | Presented to State Court | Omitted From State Court Filings |
|---|---|---|---|
| B2 | Ineffective assistance of trial counsel: failure to present an overt withdrawal and termination of the felony defense | Appears at trial and appellate levels in post-conviction proceedings | Not included in post-conviction PLA |
| B3 | Ineffective assistance of trial counsel: failure to file pretrial motions to suppress evidence and/or quash arrest | Appears at trial and appellate level in post-conviction proceedings | Not included in post-conviction PLA |
| C1 | Prosecutorial misconduct: confused the jury by pursuing an armed robbery charge for Gordon instead of prosecuting him for the robbery underlying the felony murder charge for Birts's death | n/a | Not presented to state court |
| C2 | Prosecutorial misconduct: failure to disclose information about Gordon's criminal history | Appears at trial and appellate levels in post-conviction proceedings | Not included in post-conviction PLA |
| C3 | Prosecutorial misconduct: failure to disclose that | Appears at trial and appellate levels in post-conviction | Not included in post-conviction PLA |

|   | Gordon was allegedly granted leniency in exchange for her testimony | proceedings |   |
|---|---|---|---|
| D | "Impeachment by omission" | Appears at trial and appellate levels in direct proceedings | Not included in direct appeal PLA |

### B. Full and Fair Presentment – Claims A1 and A2

The court next considers Savage's claim that the trial court's use of non-IPI jury instructions about felony murder impermissibly broadened the scope of the felony murder doctrine (Claim A1) and eliminated the elements of proximate cause and intervening cause from the jury instructions (Claim A2). The respondent contends that Savage did not properly exhaust these claims because he did not fully and fairly present them to the state courts.

Under the doctrine of full and fair presentment, a habeas petitioner must allow the state courts to consider his federal constitutional arguments in the first instance. *Duncan* v. *Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (citing *Picard* v. *Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Thus, a petitioner must alert the state courts that his claims are based on the United States Constitution. *See id*.; *see also Anderson* v. *Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.") (internal citations omitted).

Factors relevant to whether a habeas petitioner has fairly presented a claim to the state courts include whether his state court filings (1) relied on federal cases that engage in constitutional analysis; (2) relied on state cases that apply a constitutional analysis to similar facts; (3) asserted a claim in terms that call to mind a specific constitutional right; or (4) alleged

a pattern of facts "well within the mainstream of constitutional litigation." *Moleterno* v. *Nelson*, 114 F.3d 629, 634 (7th Cir. 1997). If none of these factors is present and the state challenges exhaustion, a claim will be defaulted under the full and fair presentment doctrine. "On the other hand, the presence of any one of these factors, particularly (1) and (2), does not automatically avoid a waiver." *Id.* (internal quotations omitted).

Here, even if it is assumed that the jury instruction claims in Savage's § 2254 petition are based on the federal constitution, they are barred by the doctrine of full and fair presentment because Savage relied on state law and did not "raise the red flag of constitutional breach" in state court. *See Verdin* v. *O'Leary*, 972 F.2d 1467, 1474–75 (7th Cir. 1992) (quoting *Dougan* v. *Ponte*, 727 F.2d 199, 201 (1st Cir. 1984)). Specifically, in Savage's PLA in his direct appeal, he argued that:

> [A]s trial and appellate courts are confronted with issues of causation in felony murder cases, they are ignoring the holding of [*People v. Lowery*, 178 Ill.2d 462, 687 N.E.2d 973 (Ill. 1997)] and applying a "but for" causation analysis, which inappropriately excludes consideration of foreseeability. Given the lower courts' refusal to follow the dictates of *Lowery*, this Court must grant review in order to clarify the definition of "proximate cause" within the context of Illinois' proximate cause theory of felony murder.

Dkt. 15-4, Ex. J at 3 (Savage's PLA on direct appeal).

Savage's PLA focused on the Illinois Supreme Court's decision in *Lowery*, which relied on state cases and statutes and thus did not apply a federal constitutional analysis. *See Lowery*, 687 N.E.2d at 976–977. In his PLA, Savage also cited the Seventh Circuit's decision in *Boim* v. *Quranic Literacy Institute*, 291 F.3d 1000, 1012 (7th Cir. 2002), to support his argument that "[t]he notion that foreseeability is inherent in the definition of 'proximate cause' is widely recognized." Dkt. 15-4, Ex. J at 14. In *Boim*, the Seventh Circuit considered whether the

-11-

parents of a boy killed in a terrorist attack in Israel could state a claim under a federal statute, 18 U.S.C. § 2333, against organizations that funded the terrorists. The *Boim* decision does not address the federal constitutional rights of individuals charged with felony murder.

Finally, Savage directed the Illinois Supreme Court's attention to the defendant's brief in *People* v. *Lavelle Hudson*, 1-030953, 98 CR 22339, as an example of another defendant convicted of felony murder who argued that the trial court erred in giving non-IP instructions that did not contain language about foreseeability. Dkt. 15-4, Ex. J at 14. This citation also does not invoke a federal constitutional right. Accordingly, Savage did not present his jury instruction claims (Claims A1 and A2) in federal constitutional terms through one complete round of state court review. This means they are procedurally defaulted for failure to exhaust under the doctrine of full and fair presentment.

        **C.**     **Independent and Adequate State Ground – Claim B1**

In Claim B1, Savage asserts that his trial counsel was constitutionally ineffective because he failed to inform him of his right to an instruction for the lesser included offense of robbery. Savage presented this argument in his state post-conviction petition and submitted his own affidavit in support. The trial court rejected the argument on the merits, finding that Savage could not establish prejudice under *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), because the evidence presented at trial was inconsistent with the use of Savage's suggested instruction. Dkt. 15-5, Ex. T at C193-194. The Illinois Appellate Court affirmed the denial of relief but declined to reach the merits of Savage's ineffective assistance claim. Specifically, it held that Savage's reliance on his own affidavit failed to satisfy the procedural requirements of the Illinois Postconviction Hearing Act, which requires petitions to

be "supported by 'affidavits, records, or other evidence'" unless the petitioner adequately explains the absence of such documents. Dkt. 15-6, Ex. X at 4 (quoting 725 ILL. COMP. STAT. § 5/122-2). Under the independent and adequate state ground doctrine, this court may not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman* v. *Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2). The failure to submit affidavits as required by the Illinois Postconviction Hearing Act is an independent and adequate state ground for rejecting a *Strickland* claim. *Thompkins* v. *Pfister*, 698 F.3d 976, 986–87 (7th Cir. 2012) (the state supreme court's reliance on Illinois' affidavit rule when rejecting an ineffective assistance claim was an independent and adequate ground that barred federal consideration of that claim).

The Illinois Appellate Court's holding rested exclusively on the affidavit rule. Thus, an independent and adequate state ground exists that procedurally defaults Savage's ineffective assistance claim based on his trial counsel's alleged failure to inform him of his right to an instruction for the lesser included offense of robbery (Claim B1). *See id.*; *see also Woods* v. *Schwartz*, 589 F.3d 368, 375–76 (7th Cir. 2009) (state appellate court's finding that the petitioner waived a claim under state law was an independent and adequate ground that barred his corresponding federal claim even though it was unclear whether the trial court had reached the merits of the claim); *United States ex rel. Davis* v. *Yurkovich*, No. 12 C 6610, 2012 WL 6568192, at *5 (N.D. Ill. Dec. 17, 2012) (the Illinois Appellate Court's rejection of the

petitioner's ineffective assistance of counsel claim based on the affidavit rule was an independent and adequate procedural ground).

>   D.   **Exceptions to Procedural Default**

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Savage does not contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his default. Thus, he has forfeited any arguments based on these exceptions. *See Crockett* v. *Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008) (when petitioner does not assert reasons why his procedural default should be excused, the court "cannot consider his claim").

In any event, the exceptions do not help him. Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler* v. *Greene*, 527 U.S. 263, 282 n.24, 119 S.Ct. 1936, 144 L.Ed 2d 286 (1999). Here, Savage failed to properly follow state procedural rules. Nothing in the record before the court indicates that an objective factor prevented him from doing so.

Moreover, to the extent that Savage's petition can be read as asserting a claim that any of the attorneys in his direct or collateral proceedings were ineffective, "a claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor* v. *Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *see also Edwards* v. *Carpenter*, 529 U.S. 446, 450–51, 120 S.Ct. 1587, 146 L.Ed. 2d 518 (2000) ("a procedurally defaulted ineffective-

assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."). Savage unquestionably has defaulted any ineffective assistance of counsel claims. Cause and prejudice do not excuse this default. Therefore, he cannot establish cause. Because he cannot address prejudice, the court will not do so. *Promotor*, 628 F.3d at 887.

The court also acknowledges that the Supreme Court recently carved out a "narrow exception" to the usual rule that ineffective assistance of counsel at initial-review collateral proceedings does not establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez* v. *Ryan*, — U.S. —, 132 S. Ct. 1309, 1320, 182 L.Ed. 2d 272 (2012). Specifically, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*.

Savage raised all of his ineffective assistance of trial counsel claims in both his *pro se* post-conviction petition and his counseled appeal but failed to include them in his counseled post-conviction PLA. The *Martinez* exception is, therefore, inapplicable "since the procedural defaults are based upon omissions that occurred during the appellate process for the post-conviction petition, rather than when the post-conviction petition was initially filed in the state court." *Weekly* v. *Hardy*, No. 11 C 9231, 2012 WL 3916269, at *5 (N.D. Ill. Sept. 6, 2012)

The court thus turns to the fundamental miscarriage of justice exception, which applies in "situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger* v. *Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup* v. *Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed. 2d 808 (1995)). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id*. Savage's petition, as well as the state court pleadings submitted to the court, do not contain any substantiated allegations of actual innocence. *See United States ex rel. Bell* v. *Pierson*, 267 F.3d 544, 553–54 (7th Cir. 2001) (petitioner did not establish a fundamental miscarriage of justice where his self-defense claim was contradicted by credible testimony and physical evidence presented at trial). Thus, this exception does not apply. Savage is, therefore, not entitled to relief pursuant to § 2254.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial

argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis* v. *Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated above, the court finds that there can be no showing of a substantial constitutional question for appeal as reasonable jurists would not find this court's ruling debatable. *Lavin* v. *Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack* v. *McDaniel*, 529 U.S. 473, 484–85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Savage's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition is denied and the court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Enter:

Dated: April 26, 2013

_____
JOAN HUMPHREY LEFKOW
United States District Judge